PAUL M. WARNER, United States Attorney (#3389)
BARBARA BEARNSON, Assistant United States Attorney (#3986)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 524-5682

FILED
U.S DISTRICT COURT

2005 DEC 15  A 9: 02

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Judge Paul G. Cassell<br>DECK TYPE: Criminal<br>DATE STAMP: 12/14/2005 @ 15:00:08<br>CASE NUMBER: 2:05CR00900 PGC |
| Plaintiff, | **INDICTMENT** |
| vs. | VIO. 18 U.S.C. § 1344 - |
| BAYLOR SINCLAIR STEVENS, | BANK FRAUD |
| Defendant. | |

The Grand Jury charges:

## COUNT I
Bank Fraud

1. Beginning in or about January 2005 and continuing through in or about March

2005, in the District of Utah,

BAYLOR SINCLAIR STEVENS,

defendant herein, devised a scheme and artifice to defraud Eastern Savings Bank and a

scheme and artifice to obtain the moneys, funds, credits, assets, securities and other property owned by the Eastern Savings Bank by means of false and fraudulent pretenses, representations, and promises.

2. At all times relevant to this Indictment, Eastern Savings Bank was a financial institution within the meaning of 18 U.S.C. § 20, the accounts of which were insured by the Federal Deposit Insurance Corporation.

3. It was part of the scheme and artifice that BAYLOR SINCLAIR STEVENS made false representations in an application for a loan submitted to Eastern Savings Bank on or about March 29, 2005, and, in connection with the loan application, he engaged in fraudulent preparation and recording of documents in order to make it appear as if the property used as collateral for the loan was not subject to encumbrances as a result of previous loans.

4. More specifically, in October 2003, STEVENS purchased a $1.5 million home secured by a deed of trust on Jupiter Drive in Salt Lake City. In December 2004, STEVENS purchased 13 acres on Ledgemont Drive, adjacent to the home, also secured by a deed of trust. From October 2003 to July 2004, STEVENS secured eight loans on the properties. In August 2004, STEVENS consolidated these loans. He applied and was approved by Washington Mutual Bank for a loan in the amount of $1,267,500; the loan was secured by a deed of trust on the Jupiter Drive property.

5. In August 2004, STEVENS obtained a loan from Clark Real Estate Company in the amount of $33,000. In December 2004, STEVENS obtained a loan from Bank of Idaho in the amount of $67,000. The deed of trust securing these loans with the Jupiter Drive property were not filed until March 2005.

6. In December 2004, STEVENS obtained a loan in the amount of $650,000 from Lighthouse Capital Funding; the loan was secured by two separate deeds of trust in the amounts of $250,000 and $400,000.

7. On or about March 29, 2005, STEVENS submitted the application for a loan to Eastern Savings Bank. In connection with the March 29, 2005, application with Eastern Savings Bank, STEVENS borrowed $228,000 from a friend to put into his bank account to inflate the appearance of his assets; STEVENS failed to return the money and converted it to his own use.

8. In addition, in connection with the application with Eastern Savings Bank, STEVENS caused deeds of reconveyance to be filed with the Salt Lake County Recorder's Office to make it appear as if the existing loans from Washington Mutual, the Bank of Idaho, and the Clark Real Estate Co. were paid in full. Specifically, on or about January 4, 2005, a full reconveyance was filed with the Salt Lake County Recorder's Office purporting to establish that the $1,267,500 Washington Mutual loan was paid in full. This document was a forgery. On or about March 31, 2005, full reconveyances for

the Bank of Idaho and the Clark Real Estate Co. loans were filed with the Recorder's Office. These documents were forgeries. In truth, these loans had not been repaid.

9. Moreover, a condition of approval by Eastern Savings Bank was that Lighthouse Capital subordinate their $400,000 loan to Eastern Savings. Lighthouse in turn issued an instruction requiring its loan to be in second position. STEVENS was able to meet this condition only because of the previously recorded forged deed of reconveyance for the Washington Mutual loan

10. In addition to these fraudulent reconveyances, the scheme and artifice to defraud Eastern Savings Bank included false and fraudulent statements in the loan application STEVENS submitted to Eastern Savings Bank, including, but not limited to the following representations. STEVENS disclosed the loan with Washington Mutual Bank; however, STEVENS claimed the loan was for an 8-plex he owned on 4409 South 2900 East in Salt Lake City, Utah. In truth, while there is are multiple duplexes at this location, STEVENS has no connection to or interest in the property and his Washington Mutual loan was for the Jupiter Drive property. As another example, STEVENS claimed that he earned $50,554 a month working for Baylor S. Stevens Consulting. In truth, STEVENS had no reported income according to the Utah Division of Workforce Services during this time period.

11. Based on the misrepresentations in the loan application and otherwise, and based on the fraudulently filed documents with the Salt Lake County Recorder's Office

4

which resulted in the appearance of only limited encumbrances on the Jupiter property, Eastern Savings Bank agreed to extend a loan to Stevens in the amount of $920,000. STEVENS failed to make any payments and defaulted on the loan.

All in violation of 18 U.S.C. § 1344.

A TRUE BILL:

_____

FOREPERSON OF THE GRAND JURY

PAUL M. WARNER
United States Attorney

*[signature]*

BARBARA BEARNSON
Assistant United States Attorney